**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 26, 2011[*]
Decided September 1, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-2158

| | |
|---|---|
| BHAVESHBHAI PATEL, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals |
| | |
| *v.* | No. A097-333-104 |
| | |
| ERIC H. HOLDER, JR., Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

The last time Bhaveshbhai Patel petitioned this court for review of an order of the Board of Immigration Appeals, he challenged the Board's rejection of his requests for withholding of removal and protection under the Convention Against Torture. See *Patel v. Holder*, 319

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. See FED. R. APP. P. 34(a)(2)(C).

F. App'x 436 (7th Cir. 2009). In that petition, Patel had urged that he faced religious persecution if he were to be returned to the State of Gujarat, in India, because, although a Hindu and thus a member of the majority religion there, he had witnessed brutal acts committed by other Hindus against a Muslim man during the 1999 Gujarat riots. He feared that if he testified against his fellow Hindus, he would be punished by members of the Hindu community without intervention by the authorities, yet if he refused to testify, then the Muslims would retaliate forcefully. We concluded that the Board's decision rejecting his petition was supported by substantial evidence and not otherwise erroneous, and so we denied the petition for review in a decision issued on April 2, 2009.

Despite his lack of success in this court, Patel did not leave the United States. Instead, on December 30, 2009, he filed a motion with the Board to reopen his removal proceedings; he argued that material changes in India warranted this relief. He also argued that he had new material evidence of increased violence against Hindus in Gujarat. In an order dated July 22, 2010, the Board denied the motion to reopen for two reasons: first, because it was untimely, and second, because the Board was not persuaded that meaningful change had taken place in India's country conditions. Patel did not file a petition for review in this court from that decision.

Instead, Patel filed a timely motion to reconsider the July 2010 order with the Board. There he urged the Board to take another look at the evidence of "the terrorist acts committed by Muslims and Maoists against Hindus in Gujarat" – acts that he maintained had occurred after 2006, when Patel's individual merits hearing had taken place. In both this motion and the motion to reopen, Patel relied heavily on an unsworn declaration from Attorney Elizabeth Bello-Camp, who had worked as a human rights consultant and who had a masters degree in International Legal Relations. The Board found that these arguments were repetitive and that Patel had failed to identify any error of fact or law in its decision denying the motion to reopen. In an order dated April 27, 2011, it denied the motion to reconsider. Patel filed a timely petition for review from that order.

Before turning to the merits of Patel's petition, we must clarify what is properly before us. As the Government points out, the filing of a motion to reconsider does not toll the time in which to seek review of the denial of a motion to reopen (or for that matter of a ruling on the underlying merits). See *Stone v. INS*, 514 U.S. 386 (1995); see also *Muratoski v. Holder*, 622 F.3d 824, 829-30 (7th Cir. 2010). Patel's petition for review was filed on May 21, 2011, which was long after the 30-day appeal period expired for the July 22, 2010, decision on the motion to reopen. To the extent that Patel is challenging that decision, we must dismiss for want of jurisdiction. His petition was timely, however, with respect to the motion to reconsider, and so we proceed to consider that aspect of the case on the merits.

The Board's regulations provide that a motion to reconsider "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). Patel firmly believes that the Board has made an error of fact here: he insists that country conditions in India – and in particular Gujarat, to which he says he must return if he goes to India at all – have worsened significantly for the Hindu population. The Board, however, is not oblivious to the fact that tensions among religious groups exist. It explained in its reconsideration order that "since the 2006 hearing the respondent had not shown that changed conditions in India regarding the treatment of Hindus or others similarly situation [*sic*] to the respondent, *especially in view of the long history of religious violence in India* and the fact that the population of India is largely Hindu" (emphasis added). The Board might have added that according to the most recent official census in India, 89.09% of Gujarat's population is Hindu, while 9.06% is Muslim and the rest is spread among a number of groups. *See* Office of the Registrar Gen. & Census Comm'r, Gov't of India, Population by Religious Communities, Census Reference Tables, C-Series, Census Data 2001, available at http://www.censusindia.gov.in/Census_Data_2001/Census_data_finder/C_Series/Popul ation_by_religious_communities.htm (last visited Aug. 29, 2011).

The question whether the religious violence in India in general, or perhaps (giving Patel the benefit of the doubt) in Gujarat in particular, has become so much worse that relief under U.S. immigration law is warranted, is one that has been entrusted to the judgment of the Board. Although the Board's decision on Patel's motion to reopen is not directly before us, the Board alluded to it in the reconsideration order and reported, accurately, that it had fully addressed Bello-Camp's report and Patel's other evidence in the decision denying the motion to reopen. It was within the Board's discretion to conclude that the evidence Patel submitted demonstrated only a continuation of the situation that had prevailed in 2006 – not an ideal one, to be sure, but one that did not warrant relief for a member of India's majority religious group.

We therefore DENY Patel's petition for review from the Board's order denying his motion to reconsider, and we DISMISS his petition insofar as it challenges the Board's order denying the motion to reopen.